David P. Smith, OSB #96430
The Smith Firm, P.C.
1754 Willamette Falls Dr.
West Linn, OR 97068
P:     503-657-6550
F:     866-710-0666
E:     dave@thesmithfirmpc.com
Attorney for Plaintiff Robynne A. Fauley

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ROBYNNE A. FAULEY**, an individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>**WASHINGTON MUTUAL BANK, FA**;<br>**RESIDENTIAL FUNDING COMPANY,**<br>**LLC**; **DEUTSCHE BANK TRUST**<br>**COMPANY AMERICAS AS TRUSTEE**;<br>**LNV CORPORATION**; and **DOES 1-20**,<br><br>                    Defendants. | Case No. 3:13-cv-00581-AC<br><br>**PLAINTIFFS' MEMORANDUM IN**<br>**OPPOSITION TO DEFENDANTS LNV**<br>**CORPORATION'S AND DEUTSCHE BANK**<br>**TRUST COMPANY AMERICA'S MOTIONS**<br>**TO DISMISS PLAINTIFF'S AMENDED**<br>**COMPLAINT** |

## <u>LR 7-1 CERTIFICATION</u>

Counsel for Plaintiff hereby certifies that he made a good faith effort to confer with

Defendants' counsel regarding their motions, but the parties could not resolve the motions.

## <u>OPPOSITION TO MOTIONS</u>

Plaintiff Robynne A. Fauley ("Plaintiff"), by and through the undersigned counsel files

her Memorandum in Opposition to both Defendant LNV Corporation's ("LNV") and Defendant

Deutsche Bank Trust Company America's ("DBTCA") Motions to Dismiss Plaintiff's Amended

Complaint.  This is the second motion to dismiss of LNV.  The First motion raised the identical

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

arguments that are asserted in the instant motion, and was granted in part, with leave to amend, as provided for in the Court's February 19, 2014 Findings & Recommendations ("F&R").  As instructed by the court, Plaintiff amended her pleading, yet Defendants are now taking yet a second bite at the apple, and in asking the Court to Dismiss the Amended Pleading, Defendants are impliedly arguing that the Court's F&R was incorrect to begin with.  In this regard, Defendant does not raise a single argument in its current Motion that was not raised in the initial Motion.

Defendant DBTCA's Motion to Dismiss should be stricken, and in the alternative, denied. Defendant DBTCA, on April 11, 2013, filed an Answer and Affirmative Defenses to Plaintiff's original complaint.  It did not make any motions to dismiss, and the claims against it were not subject to the Court's F&R.  As a result, Plaintiff did not amend its claims as to Defendant DBTCA, and Defendant DBTCA waived any FRCP 12(b)(6) Motions by not having filed them against the original complaint.   FRCP 12 (b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.")

Plaintiff respectfully asks the Court to deny Movants' Motion to Dismiss and requests that in the event that Movants' Motion to Dismiss is granted, then Plaintiff requests leave to amend its Complaint.

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

## TABLE OF CONTENTS

I.      Introduction……………………………………………………………………………..6

II.     Points and Authorities……………………………………………………………..8

III.    Conclusion………………………………………………………………………29

## TABLE OF CASES AND AUTHORITIES

FRCP 12(b)(6)……………………………………………………………………………2, 8

Brunette v. Human Society of Ventura County, 294 F3d 1205, 1209 (9th Cir.) 2002…………...8

SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.,
88 F3d 780, 783 (9th Cir. 1996)………………………………………………………….8

McGary v. City of Portland, 386 F3d 1259, 1261 (9th Cir. 2004)
Federal Rules of Civil Procedure, Rule 8(a)……………………………………………….......8

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)………..9

Conley v. Gibson, (1957) 355 US 41, 45-46, 78 S.Ct. 99; Parks School of Business, Inc.
v. Symington, (9th Cir. 1995) 51 F3d 1480, 1484; In re Stac Elecs. Sec. Litig.,
89 F.3d 1399, 1403 (9th Cir. 1996)…………………………………………………………9

Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984)……………………9

Southgate Master Fund, LLC v. United States, 659 F. 3d 466  (5th Cir. 2011)…………………12

Bemont Investments, L.L.C. v. United States, 679 F.3d 339 (5th Cir. 2012)…………………...12

Meyers v. Johanningmeier, 735 P.2d 206, 207 (Colo.App.1987)…………………………………14

Akins v. Vermast, 150 Or.App. 236, 945 P.2d 640, 643 n. 7,
adhered to on reconsideration, 151 Or.App. 422, 950 P.2d 907 (1997)………………………...14

Bennion Ins. Co. v. 1st OK Corp., 571 P.2d 1339, 1341-42 (Utah 1977)………………………14

Chaney v. Fields Chevrolet Co., 264 Or 21, 27, 503 P2d 1239 (1972)……………………...16, 23

ORS § 646.638(6)…………………………………………………………………………..16

Raudebaugh v. Action Pest Control, Inc., 59 Or App 166, 171, 650 P2d 1006 (1982)
(citing Wolverton v. Stanwood, 278 Or 341, 345, 563 P2d 1203 (1977))……………………….17

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

Weigel v. Ron Tonkin Chevrolet Co., 298 Or 127, 134, 690 P2d 488 (1984)...............17, 19

State ex rel. Redden v. Discount Fabrics, Inc., 289 Or 375, 386 n 8,
615 P2d 1034 (1980)....................................................................................17, 18

ORS 646.638(1)..........................................................................................17, 19

ORS 646.605(10)...............................................................................................17

Luedeman v. Tri-West Constr. Co., 39 Or App 401, 404, 592 P2d 281 (1979)..................18

Sherrod v. Holzshuh, 274 Or 327, 330, 546 P2d 470 (1976)......................................18

Heierman v. Murray & Holt Motors, Inc., 44 Or App 341, 345, 605 P2d 1359 (1980)...........18

Scott v. Western International Surplus Sales, Inc., 267 Or 512, 515,
517 P2d 661 (1973)......................................................................................19

Crooks v. Pay Less Drug Stores Nw., Inc., 285 Or 481, 592 P2d 196 (1979).....................19

Paul v. Providence Health System-Oregon, 237 Or App 584, 602,
240 P3d 1110 (2010)....................................................................................19

ORS 646.608(1)(f).......................................................................................19

Brandrup v. ReconTrust Co., N.A., 353 Or 688, 2013 WL 2446517 (June 6, 2013)..........20, 25

Niday v. GMAC Mortgage, LLC, 352 Or 648, 2013 WL 24467524............................20, 25

FRCP 9(b)................................................................................................20, 21

5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1296
(3d ed 2004) (supplemented periodically)...............................................................21

Allen v. Oregon Steel Mills, Inc., 1988 WL 159178 (D Or Dec 7, 1988)
(unreported case) (citing Deutsch v. Flannery, 823 F2d 1361 (9th Cir 1987))....................21

Rembold v. Pacific First Federal Sav. Bank, 1989 US Dist LEXIS 3953 at *13,
1989 WL 35914 (D Or Apr 7, 1989) (unreported case) (citing Semegen v. Weidner,
780 F2d 727, 731 (9th Cir 1985))........................................................................21

Webb v. Clark, 274 Or 387, 391, 546 P2d 1078 (1976).............................................21

Johnson v. Mel-Ken Motors, 134 Or App 81, 89, 894 P2d 540 (1995)............................21

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

Wool v. Tandem Computers, Inc., 818 F2d 1433, 1439 (9th Cir. 1987)
(citing Semegen v. Weidner, 780 F2d 727, 734-35 (9th Cir. 1985))……………………………21

Rembold 1989 US Dist LEXIS 3953, at *12……………………………………………....21

Rembold 1989 US Dist LEXIS 3953, at **12–13 (quoting SEC v. Seaboard Corp.,
677 F2d 1315, 1316 (9th Cir 1982))………………………………………………………21

ORS 12.110(1)………………………………………………………………………..22

ORS 12.040(4)………………………………………………………………………...22

Mathies v. Hoeck, 284 Or 539, 588 P2d 1 (1978)…………………………………………....22

Bramel v. Brandt, 190 Or App 432, 79 P3d 375 (2003), rev den, 336 Or 509,
87 P3d 1136 (2004)………………………………………………………………………22, 23

Keller v. Armstrong World Industries, Inc., 197 Or App 450, 464 (2005)……………………...23

Gaston v. Parsons, 318 Or 247, 256……………………………………………………….23

Ward v. Jarnport, 466, 469 (1992)……………………………………………………….....23

ORS 74.2110…………………………………………………………………………….24

ORS 73.0302 [1961 c.726 §74.2110 (Bank as holder in due course); 1993 c.545 §94]………..24

ORS 73.0303…………………………………………………………………………….24

ORS 73.0305…………………………………………………………………………….25

Reeves v. ReconTrust Co., N.A., 846 F. Supp., 1149 (D. Or. 2102)…………………………..26

Brodie v. Northwest Trustee Services, Inc., 2012 WL 6192723 (E.D. Wash., 2012)…………..26

ORS 28.020……………………………………………………………………………...27

ORS 28.050……………………………………………………………………………...27

ORS 28.030……………………………………………………………………………...27

Barnett v. BAC Home Loan Servicing, L.P. (2011) 772 F Supp2d 1328………………………28

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

# I.   INTRODUCTION

**A.   The True Lender was Omitted, Which Created an Invalid Lien.**

The quickest way to resolve this dispute would be to have the Defendant LNV produce the cancelled check or copy of the wire transfer that unequivocally puts all of Plaintiff's arguments to rest; however, that will never happen.  If anyone ever came into court saying I lent so and so $250,000 and I want it back, most if not all courts would say, do you have a copy of the cancelled check or wire transfer?  The origination funds used for the purported Note came from another undisclosed source commonly responsible for what is referred to as a warehouse line of credit that funds transactions originated by companies like Movants, rendering the actual indebtedness to the Note uncertain.

Because the transaction was not funded directly by Washington Mutual Bank, N.A. ("WaMu") and rather was funded by an undisclosed party who was not yet mentioned on the Note and Mortgage, Movant LNV, as the purported owner (by way of assignment) of the loan, could not conceivably be the lender/creditor, which means that the **real creditor** was outside the transaction.  Thus, a satisfaction of the obligation could only be given by or on behalf of the undisclosed creditor.  By definition there is no way of knowing, but for off-record communication, who to go to for a satisfaction.  Factually, the Promissory Note was a falsehood.  And therefore, the "Security Instrument," which misstates the terms itself, is based upon a document that does not properly recite the terms of repayment.

The Security Instrument does not properly recite the terms of repayment because: (1) it fails to provide the real name of the creditor/lender, and (2) it does not include all the terms and parties to the deal.  In fact, even before the loan was issued, the defendant assigned the note and deed of trust to a third party.  Because the name of the real creditor/lender was undisclosed and because WaMu was falsely placed in their stead, there is no real party on the side of the lender,

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

in terms of on-record activity. This results in the lien being either imperfect or never perfected. This conclusion is unavoidable based upon the factual assumptions made here.

The payee identified on the Note is not the party to whom the money is owed, a fact and material disclosure purposefully omitted from the Plaintiff. The terms of repayment to the real payee on the obligation were subject to documents that were/are very different from the note and included multiple third parties, many of whom must pay the payments or the principal due on the obligation without regard to any actual default by the borrowers. These facts and material disclosures were also purposefully omitted from the Plaintiff.

A Note is a contract to repay borrowed money. It is a negotiable instrument governed by Article 3 of the Uniform Commercial Code (UCC). The Note, by itself, is an unsecured debt negotiated by endorsement or by transfer and delivery. It is a separate legal document from the Deed of Trust. A Deed of Trust is a lien on real estate and a security agreement. It creates a lien on the real estate as collateral for a debt, but it does not create the debt itself. The rights created by a Deed of Trust are classified as real property and these instruments are governed by local real estate law in each jurisdiction. Because the alleged Note and Deed of Trust failed to name the real Creditor/Lender, the Deed of Trust is not perfected and thus cannot secure the Note. Plaintiff alleges no lawful secured lien is in existence and seeks to remove any potential cloud that exists over Plaintiff's property.

**B.      Even if the Note and Deed of Trust were Perfected, the Assignments Recorded by the Successors/Purchasers Show that LNV Cannot Prove Ownership of the Plaintiff's Loan.**

What would also go a long way to putting this case at rest is LNV demonstrating a clear chain of title to its ownership of the Note and Deed of Trust, but as alleged in the Complaint, the documents filed by LNV to purportedly document its ownership of the loan are nothing more than illusory and fabricated documents, which on their face are unenforceable and highly suspicious.

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

None of the Movants possess lawful title to the subject property nor do they have lawful authority to transfer, grant, sell or convey any rights, title, interest, and liens owned or held by any other party.  As a result, any such transfer filed within county records is unlawful and/or void.  As a result of Movant's actions, Plaintiff suffered significant injury to its property or business.

## II.    POINTS AND AUTHORITIES

## A.    STANDARDS FOR DETERMINATION OF MOTION TO DISMISS

In deciding an FRCP 12(b)(6) motion to dismiss, "[a]ll factual allegations in the complaint must be accepted as true, and all reasonable inferences drawn in favor of [plaintiff]." *Brunette v. Human Society of Ventura County*, 294 F3d 1205, 1209 (9th Cir.) 2002 ("*Brunette v. Humane Society*").  Generally, dismissal for failure to state a claim under FRCP 12(b)(6) is denied "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim" that would entitle the plaintiff to relief.  *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F3d 780, 783 (9th Cir. 1996) (citation omitted).  Accordingly, a motion to dismiss for failure to state a claim may be granted only if, accepting all well-pled allegations in the complaint as true and viewing them in a light most favorable to the plaintiff, the plaintiff is not entitled to relief. *McGary v. City of Portland*, 386 F3d 1259, 1261 (9th Cir. 2004) (citation omitted).

The standard for dismissal incorporates and must be viewed in light of the simplified pleading standards embodied in the Federal Rules of Civil Procedure, Rule 8(a). See *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).  According to Rule 8(a)(2), a complaint must set forth only "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement is adequate so long as it "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 512 (quoting Conley, 355 U.S. at 47).

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* (1957) 355 US 41, 45-46, 78 S.Ct. 99; *Parks School of Business, Inc. v. Symington,* (9th Cir. 1995) 51 F3d 1480, 1484; *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996); and *see Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984) (Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion).

## B.    FACTS

On page 7 of LNV's Motion, it attempts to dramatically oversimplify the history of the subject loan, and makes material omissions regarding the various transfers and assignments. The history obtained thus far is discussed in this memorandum, again, as a result of Defendants' Motions, but the court noted in its F&R that this is not a case of a simple transfer of a loan, and stated *"[a]t that point, the chain of title for the DOT becomes muddled."*  (F&R, at 2, emphasis added)

### 1.    Plaintiff denies ever receiving $330,000 from Washington Mutual Bank, FA.

Plaintiff denies ever receiving $330,000 from Defendant Washington Mutual Bank, FA ("WaMu"), the named Lender on both the subject Note and Deed of Trust.  As alleged in the Amended Complaint, on or about June 12, 2002, Plaintiff offered to enter into contracts identified as the Note(s) ("Note") and Deed of Trust(s) ("DOT"), to obtain a loan in the amount of $330,000 from WaMu; however, their acceptance was different than what Plaintiff had offered, and Plaintiff did not receive consideration for the contract. (Sec. Am. Compl. ¶ 9).

In addition and most importantly, no evidence exists of the Plaintiff ever receiving the sum of $330,000 directly from Defendant WaMu nor is there any evidence of Defendant WaMu ever directly funding the subject transaction.

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

**2.     Even if Proof of Funding from WaMu existed, the Recorded Assignments, which were Fraudulently Obtained and Signed, Demonstrate that LNV Cannot Claim Ownership of Plaintiff's Loan.**

On or about June 12, 2002, before the DOT had even been recorded, a "Note Allonge" was purportedly prepared and signed by an entity that was not a party to the transaction with the following signature block:

> Defendant Deutsche Bank Trust Company Americas, as Trustee Company FKA Bankers Trust Company of California, N.A., as Trustee Residential Funding Company, LLC formerly known as Residential Funding Corporation Attorney-in-Fact.

A person by the name of Michael Mead purportedly signed it calling himself "Limited Signing Officer." The Allonge states that the loan is to be made part of the Note itself, and modifies the note as follows: "Pay to the order of Residential Funding Company, LLC…" **The Allonge was done without Plaintiff's knowledge, consent, or signature.** Plaintiff had never even heard of DBTCA in the loan transaction. The Note Allonge is attached as Exhibit "C" to the Amended Complaint (Sec. Am. Compl. ¶ 12).

Despite purported ownership of the Note in RFC, on or about July 29, 2002, WaMu purportedly assigned the Mortgage, DOT, and Note to DBTCA. This assignment was not recorded until almost a year later on April 3, 2003, and is attached to the Complaint as Exhibit "D." (Sec. Am. Compl. ¶ 13). This assignment, on its face, cannot transfer valid ownership, as the assignor did not own it at the time of making the assignment. According to Exhibit C, it was owned by RFC.

Despite purported ownership of the Note in DBTCA, on or about April 11, 2007, RFC purportedly assigned the Mortgage, DOT, and Note back to WaMu. This assignment was recorded on May 3, 2007, and is attached to the Amended Complaint as Exhibit "E." (Sec. Am.

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

Compl. ¶ 14).   Like the assignment attached as Exhibit D, this assignment, on its face, cannot transfer valid ownership, as the assignor did not own it at the time of making the assignment.

Despite purported ownership of the Note in WaMu, on or about October 27, 2008, DBTCA purportedly assigned (*reciting consideration for the transfer of a $330,000 secured note of $10.00*) the Mortgage, DOT, and Note to RFC.  This assignment was recorded on October 31, 2008, as document number 2008-074676 in the Official Records of Clackamas County, Oregon, and is attached to the Amended Complaint as Exhibit "F."  (Sec. Am. Compl. ¶ 15).

This assignment claims to be made by DCTCA in "favor of RESIDENTIAL FUNDING COMPANY, LLC," and conveys all beneficial interest under certain Deed of Trust...  This assignment is once again signed by Michael Mead, as "Limited Signing Officer."  And notarized, it states that the undersigned, a Notary in the state of Minnesota, that "on this day personally appeared Michael Mead, who is personally well known to me (or sufficiently proven) to be the Limited Signing Officer of Residential Funding Company, LLC formerly known as Residential Funding Corporation…", but Michael Mead can't be at the same time an officer of both:

1. Deutsche Bank Trust Company Americas; and

2. Residential Funding Company, LLC.

*Furthermore, why would a party need to assign beneficiary interest to itself?*  Like each of the above referenced assignments, this assignment, on its face, cannot transfer valid ownership, as the assignor did not own it at the time of making the assignment.  Furthermore, the consideration recited demonstrates that the asset being assigned was worth little more than the paper on which the assignment was printed.

On or about March 10, 2008, RFC purportedly assigned (***now without reciting any consideration***) the Mortgage, DOT, and Note to ***no one***.  This assignment was recorded on October 31, 2008, as document number 2008-074677 in the Official Records of Clackamas County, Oregon, and is attached as Exhibit "G" to the Amended Complaint.  (Sec. Am. Compl. ¶ 16), and the portion of the form that would normally recite the name of the assignee is literally

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

blank.  Like the assignments referenced above, this assignment is invalid on its face.  LNV

Corporation was not incorporated in Nevada until March 17, 2008.  According to the Nevada

Secretary of State, Nevada law specifies that an entity cannot legally do business or enter into

transactions prior to its incorporation date, and the notarial signature states that this assignment

was signed a week earlier on March 10, 2008.

Even LNV considered the assignment meaningless and unenforceable, since on or about

April 17, 2012, LNV Corporation purportedly re-recorded this very same document, as document

number 2012-023399 in the Official Records of Clackamas County, Oregon, this time

handwriting in the company, "LNV Corporation."  This document is attached as Exhibit "H" to

the Amended Complaint. (Sec. Am. Compl. ¶ 16).

Plaintiff intends to prove in this case that LNV Corporation, and its loan servicer, MGC

Mortgage, Inc., the entities that currently claim ownership and servicing of the loan and right to

collect payment, are nothing more than shams and shell corporations.   Plaintiff is not alone.

There are many other victims of LNV Corporation, MGC Mortgage Inc., and its affiliated

entities, including Dovenmuehle Mortgage Inc.  Each of these sham companies is owned by D.

Andrew Beal, who is the sole owner of Beal Bank and Beal Financial Inc.  Beal is located in

Plano, Texas.  Beal has a history of creating "sham" companies to use as fraudulent tax shelters.

Beal's MGC and LNV are such sham companies.  In addition to being used as fraudulent tax

shelters, Beal uses his sham companies to defraud homeowners of their property; to defraud

courts and to ultimately launder proceeds from their fraudulent activities overseas.  *See*

*Southgate Master Fund, LLC* v. *United States*, 659 F. 3d 466  (5th Cir. 2011); and *Bemont*

*Investments, L.L.C. v. United States*, 679 F.3d 339 (5th Cir. 2012). LNV, MGC, and

Dovenmuehle work in collusion with each other to fund their activities by conducting fraudulent

foreclosures by fabricating forged and falsified mortgage related documents.   We are informed

and believe that there are hundreds, if not thousands of victims of these companies.

Suffice it to say, Defendants have, since the day this loan was "documented," been

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

playing a game of "three card monty" with the Plaintiff.  *Plaintiff is informed and believes that these assignments were fraudulently signed by persons who had no authority to convey an interest in the loan.*

### 3.  The Terms and Conditions of the Deeds of Trust do not apply to Plaintiff.

The DOT and Note are premised under a factual misrepresentation – that Defendant WaMu was really the Lender.  To the contrary, Defendant WaMu was an actor that never funded the transaction and was nothing more than a naked nominee whose name was rented, and who never owned any loan receivable in connection with the funding of this loan and never acquired any stake in said loan afterwards. This fact cannot even be hidden by the Defendants, as it is evidenced in the Note Allonge, a document that was concealed from the Plaintiff.

Plaintiff contends WaMu was not the true lender/creditor and that Plaintiff's property, which was lawfully acquired by deed, silently became the product of voluminous paperwork, none of which had any authenticity, validity or value because the transaction was never completed by funding.  There was no meeting of the minds and therefore no offer, no acceptance and no consideration in any of the paperwork as the real lenders/creditors who were undisclosed to the Plaintiff were presented with an entirely different set of terms of repayment than the ones presented to the Plaintiff at closing.

As a result, and similar to a tainted chain of evidence, any authority granting rights as the beneficiary from WaMu, or any other claimed beneficiary, for that matter, is of no force or effect and should be deemed void.  The Note, Deed of Trust, and Assignment purposefully misrepresent who the real and true creditor is/was, thus rendering the DOT unperfected.  By creating and recording fictitious assignments, a false authority was created and every document thereafter filed in public records selling, transferring or conveying an interest where none existed by LNV renders each and every document void.

Each and every document filed in public records relied on and quoted the beneficiary of the Note and DOT as WaMu which did not legally exist, but conveyed initial authority to act,

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

creating a chain effect of document recordings, including but not limited to Defendants whom themselves cannot seem to determine, who, if anyone, should be the beneficiary of the Note and DOT. They claim to have assigned it no less than six times, and on several occasions, they even assigned it to themselves. On at least two occasions, they assigned it for no consideration, those documents alone demonstrate the lack of value they consider the Note and DOT to be from their perspective.

If a person has been fraudulently deceived about the nature of a document, so that he or she is excusably ignorant about what has been signed, courts recognize "fraud in the factum." *See Meyers v. Johanningmeier,* 735 P.2d 206, 207 (Colo.App.1987) (explaining relationship between statutory defense against holders in due course of negotiable instruments and the common law defense of fraud in the factum). Unlike other types of fraud, fraud in the factum yields an instrument that is void, and not merely voidable. *Akins v. Vermast,* 150 Or.App. 236, 945 P.2d 640, 643 n. 7, *adhered to on reconsideration,* 151 Or.App. 422, 950 P.2d 907 (1997); *Bennion Ins. Co. v. 1st OK Corp.,* 571 P.2d 1339, 1341-42 (Utah 1977).

### 4. No Default has occurred.

Plaintiff denies any default has occurred. A long-standing dispute has existed over misappropriation of payments and other grievances that include, but are not limited to, inaccurate statements, little to no customer service, inability to reach anyone at MGC to resolve disputes, and problems finding anyone at MGC who could/would accept payments. Furthermore, given that MGC was not even registered to conduct residential mortgage related business during a period of time that Defendants claim Plaintiff was in default, Plaintiff had no legal obligation to make payments to MGC. These grievances, the discovery that the mortgage was fraudulent from its inception and that MGC had no legal authority to collect payments, triggered this lawsuit.

A default does not take place when a payment is not made, it takes place when a payment has not been received on a legitimate loan. Indeed, anyone can make a payment on a loan as such payment need not come directly from a borrower. The subject loan is the product of

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

securitization into the secondary market. But when the loan was purportedly taken out of the securitization, none of the Defendants were able to determine who, if anyone, owned it.

Defendant WaMu was not the investor of the subject loan transactions. It was merely the originator that acted as the lender, and deceived the Plaintiff and countless other borrowers. Plaintiff intends to prove that the lender with whom she agreed to borrow has been paid in full for the loan.

### 5. Plaintiff's Bankruptcies are a Red-herring.

Defendant LNV, once again, allocates a significant amount of time in discussing the Chapter 7 and Chapter 13 bankruptcies of the Plaintiff. Indeed, the court was presented with these very same arguments in the Defendant LNV's first set of motions to dismiss, and they were considered and rejected by the court as a basis to dismiss the complaint.

Secondly, this is nothing more than a red-herring. There is no affidavit, pleading, or statement in either of the bankruptcies in which Plaintiff concedes or acknowledges the validity of the loan, the underlying documents, and the assignments. Defendant argues that by not opposing the purported ownership/title of the loan that Plaintiff consented to it. But there is a much darker perspective on this issue as discussed directly below.

The filings submitted by LNV demonstrate that LNV's predecessor "owner" filed pleadings representing to the court that they owned the loan, but as described above, did not. When Deutsche Bank Trust Company Americas filed a motion for relief from stay on July 28, 2006, the Note Allonge provided that it was owned by Residential Funding Company, LLC. Defendant LNV must concede the mistaken chain of title in that the assignment recorded on October 31, 2008 is labeled a "Corrective Assignment of Deed of Trust." (Am Compl, Ex. F) This "corrective" assignment was not recorded until after having petitioned the bankruptcy court to provide relief from the automatic stay, so that a foreclosure of Plaintiff's property could occur. In fact, the court, relying on the petition, granted the relief sought. As a result, this should collaterally estop Deutsche Bank Trust Company Americas from claiming that anyone else may

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

have owned the loan in 2006, but as discussed above, in 2007, Residential Funding Company, LLC filed an assignment claiming it owned the loan, and was assigning it back to WaMu (Sec. Am. Compl. Ex. E).

There were no assignments recorded between 2003 and 2007, which begs the following question: how could Residential Funding Company, LLC claim to have an interest in a loan in 2007, when Deutsche Bank Trust Company Americas had represented to the court that it owned the loan?  If Deutsche Bank Trust Company Americas in fact owned the loan, then the Residential Funding Company, LLC assignment is invalid.  If Residential Funding Company, LLC owned the loan, then Deutsche Bank Trust Company Americas filed a petition claiming ownership of a loan that it did not possess.

### a.    Plaintiff is the Real Party in Interest.

Lastly, DBTCA argues that Plaintiff is not the real party in interest.  But there is no evidence that Plaintiff's loan is property of a bankruptcy estate or trustee.  Furthermore, there is no evidence that Plaintiff knew of these claims at the time the bankruptcy was filed, and as a result, there was no reason that Plaintiff would have needed to list them on a schedule of assets.

## C.    PLAINTIFF HAS STATED A CLAIM UNDER THE UTPA.

### 1.    Plaintiff's UTPA Claims are Not Time-Barred.

Plaintiff's claims are premised upon the fraudulent concealment of material facts using false, fraudulent and material misrepresentation by WaMu, DBTCA, and LNV.  Fraudulent concealment in the pertinent sense involves concealment of the "fact that a cause of action has accrued" against the Plaintiff (and/or its assignor or the unnamed true note holder). *Chaney v. Fields Chevrolet Co.,* 264 Or 21, 27, 503 P2d 1239 (1972).

The UTPA has a discovery rule.  ORS § 646.638(6) states:

Actions brought under this section shall be commenced within one year **from the discovery** of the unlawful method, act or practice. However, whenever any complaint is filed by a prosecuting attorney to prevent, restrain or punish violations of ORS 646.608, running of the statute of limitations with respect to

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

every private right of action under this section and based in whole or in part on any matter complained of in said proceeding shall be suspended during the pendency thereof.

Plaintiff did not learn of Defendant's fraudulent concealment of material information using false, fraudulent and material misrepresentations until she began her due diligence into Defendant LNV's threats of foreclosure in 2012. This is when Plaintiff discovered that the fraudulent assignments had been recorded and the chain of title was muddled. It was also when it was discovered that LNV had a history of purchasing sub-prime/non-performing loans, using an un-licensed and affiliated servicer to take the properties, although their ownership of the note/deed of trust was disputable and highly suspect.

As a result, the Statute of Limitations should be tolled under the discovery rule and Plaintiff's UTPA claims should not be deemed time-barred.

### 2.    Plaintiff Has Stated a Violation of the UTPA.

"The general policy of the [Unlawful Trade Practices Act] UTPA is to discourage deceptive trade practices and to provide a viable remedy for consumers who are damaged by such conduct." *Raudebaugh v. Action Pest Control, Inc.,* 59 Or App 166, 171, 650 P2d 1006 (1982) (citing *Wolverton v. Stanwood,* 278 Or 341, 345, 563 P2d 1203 (1977)). The civil action that ORS 646.638 authorizes "is designed to encourage private enforcement of the prescribed standards of trade and commerce in aid of the act's public policies as much as to provide relief to the injured party." *Weigel v. Ron Tonkin Chevrolet Co.,* 298 Or 127, 134, 690 P2d 488 (1984). The UTPA "is to be interpreted liberally as a protection to consumers." *State ex rel. Redden v. Discount Fabrics, Inc.,* 289 Or 375, 386 n 8, 615 P2d 1034 (1980).

Liability attaches if the alleged unlawful conduct was "willful." ORS 646.638(1). A "willful violation" occurs "when the [defendant] knew or should have known that the conduct . . . was a violation." ORS 646.605(10).

But the defendants' conduct need not have been intentional, unless the action is brought within one of the two statutes specifically providing for intent. The defendants' negligence in

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

not knowing that a representation was false is sufficient. *State ex rel. Redden v. Discount Fabrics, Inc.,* 289 Or 375, 385, 615 P2d 1034 (1980). *See also Luedeman v. Tri-West Constr. Co.,* 39 Or App 401, 404, 592 P2d 281 (1979); *Sherrod v. Holzshuh,* 274 Or 327, 330, 546 P2d 470 (1976); *Heierman v. Murray & Holt Motors, Inc.,* 44 Or App 341, 345, 605 P2d 1359 (1980).

Here, despite Defendants' continued arguments to the contrary, Plaintiff has alleged the requisite elements for a UTPA claim.

### 3.    Plaintiff Has Suffered an Ascertainable Loss.

This issue was already resolved by the court in its F&R, and the court determined that Plaintiff had alleged an ascertainable loss. (F&R, at 8).  The court determined that causation has not been adequately pleaded, and for that reason, Plaintiff amended her complaint to include allegations provided for in paragraph 35.  (Sec. Am. Complaint., 35).  In paragraph 35 of the Second Amended Complaint, Plaintiff clearly alleges at least four categories of damages (ascertainable loss) caused by Defendants' conduct.

Plaintiff is a party to a loan transaction that was never funded by WaMu (or LNV for that matter) and thus never received funds from WaMu, for which LNV now claims is due to it.  Because WaMu did not perform its obligations under the Note, Plaintiff was placed into debt with entities which Plaintiff never intended to be indebted to and now suffers emotional distress that stems from the complications associated with the funding of the subject loan.  Plaintiff's credit has been severely damaged as a result of the foregoing acts resulting in her credit score being lowered significantly and preventing her from obtaining credit.  In addition, the Plaintiff lost a cash deposit, and hundreds of thousands of dollars (currently estimated by Plaintiff at over $380,000) in payments made on the subject loan and bears the cost of attorney fees, consultants and experts to identify the issues herein and bring this action to protect Plaintiff's rights under the law.

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

A consumer must have incurred an "ascertainable loss" to recover damages under the Unlawful Trade Practices Act (UTPA). ORS 646.638(1).  The word *ascertainable* has been defined as "capable of being discovered, observed or established." *Scott v. Western International Surplus Sales, Inc.,* 267 Or 512, 515, 517 P2d 661 (1973).

There is no disagreement that an allegation of some ascertainable loss is essential to a UTPA claim, even though the loss might be very small.  In *Crooks v. Pay Less Drug Stores Nw., Inc.,* 285 Or 481, 592 P2d 196 (1979), the loss was only $2 (the difference between a razor's advertised price and its actual sale price).  The loss can be for something other than money: ORS 646.638(1) allows for loss of "property, real or personal." "Loss" means a loss of money or property that occurs as a result of an alleged UTPA violation. *Paul v. Providence Health System-Oregon,* 237 Or App 584, 602, 240 P3d 1110 (2010).

In *Weigel v. Ron Tonkin Chevrolet Co.,* 298 Or 127, 690 P2d 488 (1984), the defendant car dealer represented that an automobile that had been driven 260 miles was a new vehicle.  The plaintiff purchased the vehicle with knowledge that it had been driven that far, but later discovered that the vehicle had in fact been previously sold and returned to the dealer.  Although the court found that the defendant had violated ORS 646.608(1)(f) by representing the vehicle as new, one issue on appeal was whether the plaintiff had suffered an ascertainable loss of money or property as a result of the violation.  The court noted that the requirement of an ascertainable loss was subject to several different interpretations.  As an example, the UTPA could require that the buyer incur an actual economic loss as a result of the violation, or it could look simply to the buyer's lost expectation, regardless of market value. *Weigel,* 298 Or at 133–134.  The court did not have to decide whether an objective loss in market value was necessary, however, because it found evidence sufficient to prove that a car represented as used with 260 miles had a lesser market value than a car represented as new with 260 miles. *Weigel,* 298 Or at 137.

LNV claims that it is the wholly owned subsidiary of Beal Bank, but that information is not readily available on the Nevada Secretary of State website.  Furthermore, LNV was

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

conducting its mortgage business through MGC, as evidenced by the assignments attached to the complaint.  What is not part of the complaint, but will be part of the evidence at trial is that MGC was not even registered to do business in the state of Oregon when it was conducting residential mortgage related business.   MGC filed its Oregon registration on October 14, 2011.  Yet as early as 2008, LNV was using MGC as a loan servicer on Plaintiff's loan, located in the state of Oregon.

   **4.** **The Allegations of Securitization in the Amended Complaint Are Not Seeking to Declare the Loan Invalid As a Result of the Securitization.  They are Seeking to Declare the Loan Invalid in that No One Can Demonstrate Ownership, and the Lender was paid in full for the Loan.**

  In *Brandrup v. ReconTrust Co*., N.A., 353 Or 688, 2013 WL 2446517 (June 6, 2013), the Supreme Court of Oregon determined that a deed of trust follows an assigned note by operation of law.  However, in the affirming decision in *Niday v. GMAC Mortgage, LLC*, 352 Or 648, 2013 WL 24467524, the same Court recognized that a question of fact existed as to who owned the loan, if an assignment had been made.  In this case, Plaintiff has alleged the same uncertainty that the court determined stated a claim for relief. It was the securitization of the loan that gives rise to this claim, but Plaintiff is not alleging that securitization of the loan itself affords a claim for relief.

**D.** **PLAINTIFF HAS STATED A CLAIM FOR FRAUD.**

  In response to Defendants' first Motion to Dismiss, Plaintiff conceded that the previous pleading which was filed in state court may not comport with Federal pleading standards.  As such, Plaintiff requested leave of court to amend this claim, which was allowed.  Plaintiff made substantial amendments to the complaint, and has sufficiently stated this claim for relief under the federal requirements.

  Under FRCP 9(b), the purpose of such specificity is:

  (a) To deter groundless suits;

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

(b) To set a higher standard for suits attempting to reopen completed transactions or set aside judicial orders;

(c) To deter suits filed solely for discovery purposes; and

(d) To provide a defendant with a substantial amount of particularized information necessary to defend against a wide variety of potential conduct that might constitute fraud. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1296 (3d ed 2004) (supplemented periodically); *Allen v. Oregon Steel Mills, Inc.,* 1988 WL 159178 (D Or Dec 7, 1988) (unreported case) (citing *Deutsch v. Flannery,* 823 F2d 1361 (9th Cir 1987)).

*Rembold v. Pacific First Federal Sav. Bank,* 1989 US Dist LEXIS 3953 at *13, 1989 WL 35914 (D Or Apr 7, 1989) (unreported case) (citing *Semegen v. Weidner,* 780 F2d 727, 731 (9th Cir 1985)).

The elements of a claim of fraud under Oregon law are; "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." *Webb v. Clark,* 274 Or 387, 391, 546 P2d 1078 (1976); *Johnson v. Mel-Ken Motors,* 134 Or App 81, 89, 894 P2d 540 (1995).  FRCP 9(b) requires particularity in pleading the circumstances of the alleged fraud.  *Wool v. Tandem Computers, Inc.*, 818 F2d 1433, 1439 (9th Cir. 1987) (citing *Semegen v. Weidner*, 780 F2d 727, 734-35 (9th Cir. 1985)).  A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations.  *Id.* Although FRCP 9(b) provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," there must be "some degree of particularity regarding the specific circumstances constituting the alleged fraud." *Rembold* 1989 US Dist LEXIS 3953, at *12.  As explained in *Rembold,* "[p]laintiffs must allege 'facts demonstrating knowledge and participation sufficient to impose liability. . . .'" *Rembold* 1989 US Dist LEXIS 3953, at **12–13 (quoting *SEC v. Seaboard Corp.,* 677 F2d 1315, 1316 (9th Cir 1982)).

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

Defendants contend that there is no allegation of a misrepresentation. But to the contrary, the Second Amended Complaint alleges each of these elements with sufficient particularity, including the element of false representations. In paragraph 40, Plaintiff alleges as follows:

> Defendants have made, on numerous occasions, the following misrepresentations, while all along the Defendants knew, or should have known, such facts to be false:
>
> A.   That the loan was owned by the Defendants claiming ownership at that time;
>
> B.   That the loan had incurred fees and penalties, most if not all, of which were not supported or justified by the purported loan documents;
>
> C.   That Plaintiff was in default under the terms of the loan.

(Sec. Am. Compl., ¶ 40). Defendants also claim that Plaintiff never alleges misrepresentation regarding origination of the loan, but this allegation is found throughout the entire Second Amended Complaint. (*See* Sec. Am. Compl., ¶ 4, 9, 10, 11, 18, 19, 24, 41-44).

Once again, Defendants also argue that the fraud claim is barred by the statute of limitations. This issue was included in Defendants' first motion to dismiss, and rejected by the court. In its current motion, Defendants argue that the pleading, even if amended, would not be within the statute of limitation, and appears to ignore that an amended pleading relates back to the date of original filing.

An action based on fraud or deceit must be commenced within 2 years after the date of discovery of the fraud or deceit. ORS 12.110(1); *see also* ORS 12.040(4). "Discovery" is triggered when the plaintiff knew or should have known of the alleged fraud. *Mathies v. Hoeck,* 284 Or 539, 588 P2d 1 (1978). Knowledge of the fraud includes the fact of the misrepresentation (or omission) and its falsity. *Bramel v. Brandt,* 190 Or App 432, 79 P3d 375 (2003), *rev den*, 336 Or 509, 87 P3d 1136 (2004).

The Plaintiff's claims are premised upon the fraudulent concealment of material facts using false, fraudulent and material misrepresentation by the Defendants. Fraudulent concealment in the pertinent sense involves concealment of the "fact that a cause of action has

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

accrued" against the defendant. *Chaney v. Fields Chevrolet Co.,* 264 Or 21, 27, 503 P2d 1239 (1972).  Knowledge of the fraud includes the fact of the misrepresentation (or omission) **and its falsity**. *Bramel v. Brandt,* 190 Or App 432, 79 P3d 375 (2003), *rev den*, 336 Or 509, 87 P3d 1136 (2004).

Once again, Plaintiff did not learn of Defendants' fraudulent concealment of material information until she began her due diligence into Defendants' loan practices, and had performed a securitization and audit analysis of the subject loans in 2012.  This is when Plaintiff discovered that entities other than the purported lender claimed an ownership in the subject loan, and was able to learn the life of the loan and how the parties lied about their roles in the transaction to facilitate a profit. In fact, many of the facts supporting her claim for fraud are still being discovered, as they have surfaced in other cases against LNV Corporation.

Clearly, the facts alleged in the First Amended Complaint allege that the claim was brought within the statutory time period.  Moreover, when a plaintiff knew or should have known of its claim is a question of fact for the jury, and not a proper issue for a motion to dismiss or even a motion for summary judgment.  *Keller v. Armstrong World Industries, Inc.,* 197 Or App 450, 464 (2005); *Gaston v. Parsons*, 318 Or 247, 256; and *Ward v. Jarnport*, 466, 469 (1992).

As a result, the Statute of Limitations should be tolled under the discovery rule and Plaintiff's UTPA claims should not be deemed time-barred.

## E.    PLAINTIFF HAS STATED A CLAIM FOR DECLARATORY JUDGMENT.

Defendants also, once again, move to dismiss Plaintiff's claim for declaratory judgment.  But again, this issue was already resolved by the court in its F&R, and the court determined that Plaintiff had already sufficiently alleged a declaratory judgment action. (F&R, at 12).

### 1.    Defendant LNV is NOT a Holder in Due Course.

Defendant LNV discusses at length certain sections of the UCC, but entirely omits a

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

discussion of whether LNV, or anyone for that matter, can be considered a "Holder in Due Course," of Plaintiff's loan, and whether Plaintiff is entitled to assert defenses arising from the origination of the loan against LNV. The pertinent sections of the Oregon Uniform Commercial Code ("UCC") are discussed below, and clearly show that LNV cannot be a Holder in Due Course, and that Plaintiff is entitled to defend enforcement of the Note and Deed of Trust.

ORS 74.2110 provides that the lender that is assigned a note must be considered a Holder in Due Course to enforce the note:

**Bank as holder in due course**

For purposes of determining its status as a holder in due course, a bank has given value to the extent it has a security interest in an item, if the bank otherwise complies with the requirements of ORS 73.0302 (Holder in due course) on what constitutes a holder in due course. [1961 c.726 §74.2110 (Bank as holder in due course); 1993 c.545 §94]

ORS 73.0302, in pertinent part, defines "Holder in Due Course" as follows:

**73.0302 Holder in due course.** (1) Subject to ORS 73.0106 (3) and (4), "holder in due course" means the holder of an instrument if:
    (a) The instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and
    (b) The holder took the instrument:
    (A) For value;
    (B) In good faith;
    (C) Without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series…

ORS 73.0303 provides further guidance in determining what is considered sufficient value, or consideration.

**73.0303 Value and consideration.**
        * * *
    (2) "Consideration" means any consideration sufficient to support a simple contract. The drawer or maker of an instrument has a defense if the instrument is issued without consideration. If an instrument is issued for a promise of performance, the issuer has a defense to the extent performance of the promise is

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

due and the promise has not been performed. If an instrument is issued for value as stated in subsection (1) of this section, the instrument is also issued for consideration. [1993 c.545 §32]

As discussed in detail above, one of the assignments was for $10 dollars, and another assignment recited no consideration at all. (Sec. Am. Compl. ¶ 16).  These assignments are invalid on their face, and clearly demonstrate that LNV cannot be a Holder in Due Course, as a they must show value and good faith.   Even LNV considered the assignment meaningless and unenforceable, since on or about April 17, 2012, LNV Corporation purportedly re-recorded this very same document, this time handwriting in the company, "LNV Corporation."  (Sec. Am. Compl. ¶ 16).

Even if the assignments are enforceable, Defendants grossly misstate the law and suggest that Plaintiff is without any defenses to the enforcement of the note/deed of trust, because she was not a party to the assignments.  ORS 73.0305 provides that an obligor on a note retains defenses to the enforceability of the negotiable instrument, despite its assignment to third parties:

> **73.0305 Defenses and claims in recoupment.** (1) Except as stated in subsection (2) of this section, the right to enforce the obligation of a party to pay an instrument is subject to the following:
> (a) A defense of the obligor based on:
> * * *
> (B) Duress, _lack of legal capacity or illegality of the transaction which, under other law, nullifies the obligation of the obligor_;
> (C) _Fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms_; or
> * * *
> (2) The right of a holder in due course to enforce the obligation of a party to pay the instrument is _subject to defenses_ of the obligor stated in subsection (1)(a) of this section… [emphasis added]

Finally, Defendants' argument that Plaintiff does not have standing to dispute the assignments of the Note/Deed of Trust is absurd.  First, both _Brandrup v. ReconTrust Co_., N.A., 353 Or 688, 2013 WL 2446517 (June 6, 2013), and _Niday v. GMAC Mortgage, LLC_, 352 Or 648, 2013 WL 24467524, acknowledge that a borrower is entitled to dispute ownership of a loan by

**THE SMITH FIRM, P.C.**
_Attorneys at Law_
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

an assignee.  Implicit in this finding is that a borrower can dispute the validity of assignments.

Second, Defendants' arguments are premised on the concept that Ms. Fauley is not a party to the assignments.  Although she is not a party to the assignments, she is a party to the Note/Deed of Trust, the contracts that are being assigned.  Therefore, once an assignment is made, she is no longer a distant third party, as the assignee is claiming to take ownership of a Note/Deed of Trust that she is party to.  Privity of contract then exists between the borrower, and the assignee, assuming that the assignment itself is enforceable.  Accordingly, she is entitled to dispute the validity of the assignment (contract), as the assignee claims to be stepping into the shoes of the original "lender."

Third, Defendants grossly overstate the court's decision in *Reeves v. ReconTrust Co., N.A.*, 846 F. Supp., 1149 (D. Or. 2102).  Defendants cite Reeves for the proposition that a borrower lacks standing to dispute the validity of an assignment, but that issue was never even raised.  The *Reeves* court did consider whether MERS could be an assignor as it received no consideration, but it never addressed whether a borrower, who is a party to the note/deed of trust did or did not have standing to dispute the validity of the assignment.  Furthermore, the *Reeves* case is factually dissimilar.  In *Reeves*, the borrower disputed the validity of a non-judicial sale, and based the case primarily on deficiencies of the lender in conducting the foreclosure.  There was no claim for declaratory judgment and dispute as to ownership of the loan or whether the "lender" is a holder in due course, as there is in the case.  Nor did there appear to be a series of assignments of the note/deed of trust that leave a muddled chain of title, and significant factual dispute as to whether the foreclosing entity held ownership of the loan at issue.

Similarly, Defendants' reliance on *Brodie v. Northwest Trustee Services, Inc.*, 2012 WL 6192723 (E.D. Wash., 2012) is misplaced.  In that case, the allegation of the Plaintiff was that the assignment and the appointment of a successor trustee were forged and a result of "robo-signing".  There is no such allegation in this case.  Indeed, the *Brodie* court appears to have intentionally limited its holding to "robo-signing" cases, and relied upon similar cases in

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

reaching its decision.

Plaintiff intends to prove in its declaratory judgment action that LNV is not a Holder in Due Course, and has stated a declaratory judgment action under ORS 28.020.  ORS 28.020 provides, in part:

> Any person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status or other legal relations are affected by a . . . contract . . . may have determined any question of construction or validity arising under any such instrument . . . [or] contract . . . and obtain a declaration of rights, status or other legal relations thereunder.

Furthermore,

> The enumeration in ORS 28.010 to 28.040 does not limit or restrict the exercise of the general powers conferred in ORS 28.010, in any proceedings where declaratory relief is sought, in which a judgment will terminate the controversy or remove an uncertainty.

ORS 28.050.

A court may construe a contract either before or after there has been a breach. ORS 28.030.  Contrary to the assertion of the Defendants, no court has determined that the Defendants have a valid enforceable interest in the Note and DOT, and at no time has the Plaintiff conceded such.  Clearly, under Oregon's Declaratory Judgment statute Plaintiff has standing to dispute ownership of a loan that she was the original party to.

The allegations above show that Plaintiff has discovered irregularities in the securitization of the loan, which has caused uncertainty regarding who, if anyone, owns the loan. Furthermore, Defendant LNV concedes that it has sought relief from the automatic stay to conduct a foreclosure.  As a result, Plaintiff is entitled to have this court determine its rights vis-à-vis a declaratory judgment action to determine if LNV has the right to foreclose.  This is precisely the reason for Oregon Declaratory Judgment Act.

## F.    PLAINTIFF HAS STATED A CLAIM FOR INJUNCTIVE RELIEF.

Defendants also, once again, move to dismiss Plaintiff's claim for injunctive relief.  But again, this issue was already resolved by the court in its F&R, and the court

Page 27 – PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS LNV CORPORATION'S AND DEUTSCHE BANK
TRUST COMPANY AMERICA'S MOTIONS TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT
3:13-cv-00581-AC

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

determined that Plaintiff had essentially alleged the remedy of injunctive relief in the form of a prayer for relief, and as such, denied Defendants' motion to dismiss. (F&R, at 16 and 17). Defendants ignore the court's decision, and are essentially asking to reconsider the F&R.

Although there is no trustee's sale and foreclosure proceeding currently active, Defendant LNV has threatened to conduct a foreclosure, and has gone as far as seeking relief from the bankruptcy court to conduct a foreclosure. Should they initiate a foreclosure, Plaintiff would seek and likely be afforded an injunction staying a foreclosure. *See Barnett v. BAC Home Loan Servicing, L.P.* (2011) 772 F Supp2d 1328 (Court issued a restraining order when the borrower, whose home was secured by deed of trust, demonstrated likelihood of success on his claim against a purported trustee, where the notice of default listed another entity as the trustee, and also listed an entity as the beneficiary other than the beneficiary listed in the assignment of trust deed). The Note and Deed of Trust ("DOT") purposefully misrepresent who the real and true creditor is/was thus rendering the DOT unperfected. By placing a false and misleading name on the Note and DOT, a false authority was created, and every document thereafter filed in public records selling, transferring or conveying an interest where none existed, renders each and every document void.

Should Defendants move forward with their plan to take Plaintiff's home, the irreparable harm Plaintiff will suffer if her home is sold through an unlawful non-judicial sale far outweighs any harm to Defendants. If a non-judicial sale is permitted to happen and Plaintiff ultimately succeeds on the merits of her claims, Plaintiff will have suffered irreparable harm. However, if Plaintiff does not succeed on her claims, Defendants would be free to continue with a non-judicial sale. Thus, if Plaintiff does not prevail on her claims, Defendants will have ultimately lost nothing in affording Plaintiff the opportunity to have her claims adjudicated.

The public interest will certainly be served by the issuance of injunctive relief in this case, should Defendant LNV move forward with its plans to conduct a foreclosure. To allow an

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

unlawful non-judicial sale of Plaintiff's home without first determining the validity of the underlying deed of trust undermines public interest. Defendant's own documents raise serious doubts as to the validity of the Note, DOT, and assignments that are the subject of this action. Judicial intervention may very much be warranted in favor of public interest.

## III.  CONCLUSION

Based on the foregoing, Defendants' Motions should be denied or in the alternative, Plaintiff should be allowed to amend her Complaint.

DATED this 19th day of September, 2014.

**THE SMITH FIRM, P.C.**

*/s/ David P. Smith*
David P. Smith, OSB#96430
1754 Willamette Falls Drive
West Linn, OR  97068
Telephone: (503) 657-6550
Facsimile: (866) 710-0666
Email: dave@thesmithfirmpc.com
Attorney for Plaintiff Robynne A. Fauley

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com